IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHSIN KHAWAJA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BAY MANAGEMENT GROUP, LLC, | : | |
| et al. | : | NO. 22-182 |

MEMORANDUM

Bartle, J.                                    May 2, 2022

        Plaintiff Mohsin Khawaja has brought this diversity
action under Pennsylvania law for defamation and tortious
interference with prospective contracts against defendants Bay
Management Group, LLC; Bay Management Group, Philadelphia, LLC;
and Dana Anderson.[1]  He also asserts a third count styled as a
claim for "Vicarious Liability/Respondeat Superior."  Before the
court is the motion of all defendants to dismiss Khawaja's
complaint under Rule 12(b)(6) of the Federal Rules of Civil
Procedure for failure to state a claim upon which relief could
be granted.

I

        When considering a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the court must accept as true
all well-pleaded factual allegations in the complaint and draw

---

1. Khawaja also names as defendants "John Does 1-5," and "ABC
Companies 1-5."

all reasonable inferences in the light most favorable to the
plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224,
233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d
59, 64 (3d Cir. 2008).

Rule 8 requires that a pleading contain "a short and
plain statement of the claim showing that the pleader is
entitled to relief." Fed. R. Civ. P. 8(a)(2).  As the Supreme
Court has explained, a complaint need not include "detailed
factual allegations," but it must state "more than labels and
conclusions" and must provide factual allegations "enough to
raise a right to belief above the speculative level." Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v.
Iqbal, 556 U.S. 662, 679-80 (2009).  "Threadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice." Iqbal, 556 U.S. at 678.  "[W]here
the well-pleaded facts do not permit the court to infer more
than the mere possibility of misconduct, the complaint has
alleged--but it has not 'shown'--'that the pleader is entitled
to relief.'" Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

II

The following facts are accepted as true for present
purposes.  Khawaja is a residential landlord.  He is known by
some as "Moe" or "Mo."  He is a member of MBMK Property
Holdings, LLC, which develops and purchases rental properties in

-2-

Philadelphia and Delaware Counties, in Pennsylvania.  MBMK

contracted with Bay Management to manage its properties.

Defendant Dana Anderson is listed on Bay Management's website as

"President of Our Pennsylvania Territory."

On December 17, 2020, Anderson on behalf of Bay

Management sent the following notice to MBMK's tenants about

Khawaja:

> Please take this as your 10 day notice to
> quit the premises.  It was brought to our
> attention this week that you are residing at
> [your rental property] illegally as a
> defected member of the ownership broke into
> the premises and gave you the keys.  This
> person, who likely identified himself as Mo,
> has filed for bankruptcy and is being sued
> for millions of dollars for stealing and
> non-payment of debt. We manage this property
> . . . on behalf of MBMK Property Holdings.
> You must reach out to us immediately before
> we file for a squatter eviction and small
> claims court for residing there and not
> paying rent. We would be open to having you
> apply for the property and signing an actual
> lease if you are approved through our
> application process but we cannot allow you
> to live there without being under a written
> lease and payment coming to us.

Days later, Anderson sent the tenants a text message:  "Moe is

going to jail for a very long time for stealing money and owing

casinos hundreds of thousands of dollars.  We will be filing for

eviction this week if you do not pay/show proof of payment."

Khawaja confronted Bay Management about these

statements.  In response, he received a call from Anderson in

which Anderson "acknowledged Plaintiff's communication and, in retaliation, threatened to, and presumably did, contact a lender of Plaintiff's entity and make additional false statements and allegations that Plaintiff is stealing rental income."

Khawaja alleges that he "has relied on word of mouth and referrals from current tenants to enter into contracts with prospective tenants." Accordingly, he maintains that the notices and text messages sent to his current tenants interfered with his ability to lease his properties to future tenants.

III

Defendant Bay Management Group, LLC first moves to dismiss Khawaja's complaint on the ground that it is not a proper defendant. It contends that when Anderson sent the notices and text messages, he was acting as an agent only for Bay Management Group Philadelphia, LLC, and not for Bay Management Group, LLC. It urges the court to review the notice of removal, which states that Anderson "has zero ownership interest . . . whatsoever" in Bay Management Group, LLC. However, with limited exceptions, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Defendant does not invoke any exception to this general rule. For present purposes, it is sufficient that Khawaja in his amended complaint has alleged

-4-

that Anderson sent the communications in question as an agent of
Bay Management Group, LLC.  Defendant Bay Management Group,
LLC's motion to dismiss will be denied on this ground.

IV

Defendants next move to dismiss Khawaja's defamation
claim.  They attack Khawaja's pleadings on two fronts.

First, defendants argue that Khawaja has failed to
plausibly allege that any recipients of its communications
understood them to be defamatory.  Under Pennsylvania law, a
defamation plaintiff must prove the "understanding by the
recipient of [a communication's] defamatory meaning."  42 Pa.
Cons. Stat. § 8348(a).  Defendants maintain that under Rule 8
Khawaja must plead "factual averments representing objective
signs" that the recipients "understood any of the alleged
statement to be defamatory."  In weighing the pleading of this
element of defamation under Pennsylvania law, courts have found
that Rule 8 requires a plaintiff to "plead that a recipient
. . . would understand the remarks . . . to be defamatory."
Vinco Ventures, Inc. v. Milam Knecht & Warner, LLP, Civ. A. No.
20-6577, 2021 WL 4399682, at *19 (E.D. Pa. Sept. 27, 2021).

Although Khawaja's complaint is not the paradigm of
particularity, his allegations are sufficient to state plausibly
that his tenants understood Anderson's notices and text messages
to be defamatory.  Anderson after all accuses Khawaja of

-5-

committing crimes and dishonest business practices.  In addition, Khawaja has alleged that some recipients contacted him about the communications after having received them.  Together, these allegations support a plausible inference that Khawaja's tenants understood the communications to be defamatory.  Cf. id. Defendants have not cited any authority to suggest that Rule 8 requires anything more at the pleading stage.

Defendants also argue that Khawaja has failed to plead facts to support a plausible inference that he suffered an actual injury.  A Pennsylvania defamation plaintiff who seeks general damages, that is, compensation for injury to reputational harm, must allege "that one's reputation was actually affected by the slander or that one suffered personal humiliation."  Id.; see also Joseph v. Scranton Times L.P., 129 A.3d 404, 424 (Pa. 2015).  Defendants contend that Khawaja's complaint does not set forth factual averments demonstrating that he suffered any reputational harm as a result of Anderson's communications.  However, Khawaja has alleged that Anderson's statements have harmed his reputation.  The allegations of reputational harm that survived the Rule 8 pleading standard in Vinco Ventures, which defendants cite, are no more precise than those Khawaja advances here.  See 2021 WL 4399682, at *19.

On the other hand, the court will dismiss Khawaja's amended complaint to the extent he asserts a claim of defamation

-6-

pertaining to statements Anderson made to his lenders.  Unlike
Anderson's statements to his tenants, Khawaja did not include
the content of Anderson's statement to his lender in his amended
complaint.  Thus, it is impossible for the court to discern
whether Khawaja has advanced plausible allegations that satisfy
the elements of a defamation claim under Pennsylvania law, such
as whether the statement was of defamatory character, or whether
the lender understood the statement's defamatory meaning.
Cf. id.; see also 42 Pa. Cons. Stat. § 8343(a).  Accordingly,
the court will dismiss Khawaja's defamation claim to the extent
it is based on comments Anderson made to Khawaja's lender.

        The motion of defendants to dismiss Khawaja's claim of
defamation will otherwise be denied.

                                V

        Defendants also move to dismiss Khawaja's claim for
tortious interference with prospective contracts on the ground
that Khawaja has not sufficiently alleged the existence of a
prospective contractual relationship.  See Sandoz Inc. v.
Lannett Co., 544 F. Supp. 3d 505, 511 (E.D. Pa. 2021) (citing
Glenn v. Point Park Coll., 272 A.2d 895, 898 (Pa. 1971)).  To
survive a motion to dismiss, Khawaja must allege a "'reasonable
probability' that a contract would have arisen absent the
defendant's interference."  Id. at 511-12 (quoting Thompson Coal
Co. v. Pike Coal Co., 412 A.2d 466, 471-72 (Pa. 1979)).  To do

so, he must put forth "something more than a mere hope" of a
future contractual relationship.  Id. (quoting Thompson Coal,
412 A.2d at 471).  He must also "base [his] claim . . . on
something other than an existing or current relationship."
Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 213
(3d Cir. 2009) (citing Phillips v. Selig, 959 A.2d 420, 429
(Pa. Super. Ct. 2008)).

    As to the existence of a prospective contractual
relationship, Khawaja alleges only that he "has relied on word
of mouth and referrals from current tenants to enter into
contracts with prospective tenants."  This allegation is
insufficient to show a "reasonable probability" that he would
have signed leases with prospective tenants absent Anderson's
notices and text messages.  See Sandoz, 544 F. Supp. 3d at 511.
Accordingly, the court will grant defendants' motion to dismiss
Khawaja's claim for tortious interference with prospective
relationships.

                              VI

    Defendants also move to dismiss Khawaja's third count,
which is entitled "Vicarious Liability/Respondeat Superior."
Indeed, "[t]here is no independent cause of action for
respondeat superior or vicarious liability" under Pennsylvania
law. E.g., Robinson v. Folino, Civ. A. No. 14-227, 2017 WL

                             -8-

956648, at *5 (W.D. Pa. Mar. 13, 2017). Thus, the court will dismiss this count as well.

## VII

For the foregoing reasons, the court will grant in part and deny in part the motion of defendants to dismiss Khawaja's amended complaint.